ESTHER LEWIS, Appellee, v. P. K. LEWIS, Appellant.

**DIVORCE: Cruelty—Evidence.** Contradictory evidence as to cruelty
1 reviewed, and held to sustain the action of the court in granting a decree of divorce.

**DIVORCE: Alimony.** Record reviewed, and held to sustain the action
2 of the court in decreeing the entire equity in property of small value to the plaintiff and her child.

*Appeal from Black Hawk District Court.*—GEORGE W. WOOD, Judge.

APRIL 1, 1924.

SUIT for divorce, on the ground of cruel and inhuman treatment. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*M. E. Geiser,* for appellant.

*P. H. Paulsen,* for appellee.

EVANS, J.—*1.* The parties hereto were married in January, 1916, each of them being twenty years of age. After a somewhat checkered married life, and alternations of affection and hardness, they separated, on December 9, 1919. The fruit of the marriage is a little girl, born in June, 1919. The case turns wholly on questions of fact. The evidence is sharply contradictory at many points. The cruelty charged by the plaintiff culminated on the night of December 9, 1919. According to plaintiff's testimony, the defendant was guilty of very brutal conduct, and inflicted severe injury upon the person of the plaintiff. He also fired a revolver in her presence, whether with intent to injure or with intent to frighten, is not clear. The events of this night, as well as those of some other occasions, were recited by the plaintiff, with specific circumstance and detail. Each and every detail thus testified to was categorically denied by the defendant. He denied specifically that he had ever owned a revolver, or had ever had one in his house; whereas, the plaintiff testified that he kept one usually and continually under his pillow when he slept. The contradictions in the testimony are of such nature as to require us to say that one party or the other knowingly testified falsely. Upon a study of the complete record, we agree with the trial court that the weight of the evidence is with the plaintiff, and that the defendant has not been candid in his denial.

No good purpose can be served by a discussion of the details of the evidence, and we shall refrain therefrom. It is sufficient to sustain the decree for the plaintiff entered below. This decree awarded the custody of the child to the plaintiff. This was clearly proper.

1. DIVORCE: cruelty: evidence.

II.   Appellant directs complaint against the allowance made
for alimony.   Neither of these young people had any property
when they were married.   Each of them was reasonably indus-
trious, and each was engaged more or less of
the time in earning wages.   The defendant was
a concrete worker, and at times earned as high
as $7.00 per day.   By industry and economy, and with the help
of the parents of each, they acquired an incipient home, which
was never completed, though for a time it was occupied by them.
Much of the work was done by the defendant himself; the lot
and some of the materials were contributed by the plaintiff's
father; other materials and labor were contributed by the father
of the defendant.   The house was inclosed and partly floored,
but was never finished inside.   It is located upon a little agricul-
tural plot, on ground outside of the town.   After the separation
of the parties, it became a part of the wreckage of the broken
marriage.   It is already in a state of decay, and is much de-
preciated in value.   $1,600 had been expended upon it, $750 of
which is represented by a mortgage loan thereon.   It is neither
rentable nor salable nor habitable, without considerable further
expenditure, which would be beyond the means of either party.
The trial court awarded the complete equity therein to the plain-
tiff, in trust for the support of the child.   By the decree, a trus-
tee was appointed, to manage the property and to sell the same
and to hold the proceeds in trust, subject to further order of the
court.   The decree also ordered that the defendant should pay
to the plaintiff a monthly installment of $4.00 for the support
of the child, such installments to continue until the further
order of the court.

We see no valid ground of complaint against the disposi-
tion of the property thus made by the decree.   The property in
its nature is not capable of a division.   The proceeds of sale of
the equity of the parties therein must necessarily be meager.
The decree is expressly predicated upon the present financial
condition of the parties respectively, and upon the present neces-
sities of the child; and jurisdiction is reserved therein on the
question of alimony, for the purpose of making such future
orders as the future conditions of the parties may justify.   No

2. DIVORCE: ali-
mony.

objection is made to the form of the decree in this regard. It is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.